1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12
13

GERALD WENTZ,

      Petitioner,

      vs.

RICHARD MORGAN,

      Respondent.

NO.  CV-04-5121-RHW

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

14
15

     Before the court is Petitioner's Petition for a Writ of Habeas Corpus (Ct. Rec. 4).  Petitioner appears *pro se*.

16

**BACKGROUND FACTS**

17

     The Supreme Court of Washington recounts the facts as follows:

18
19
20
21
22
23
24
25
26

     On the evening of May 29, 1999, police responded to a residential alarm at Patrick Wheeler's home in Spokane.  One of the responding officers, Deputy James Melton, found Mr. Wentz hiding in the backyard.  The officer testified that Wentz said he took a pickup truck from his brother's home in The Dalles, Oregon, without permission that morning.  He said he drove the truck to a friend's house and broke in, taking a handgun and some ammunition.  Thus prepared, he drove to Spokane, where he intended to confront his ex-wife and sometime girlfriend, Janet McFadden, and her new boyfriend, Wheeler.

27
28

     Wentz told police that upon arriving in Spokane, he proceeded to Wheeler's house, noting McFadden's car in the driveway.  He also confirmed that she was

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS ~ 1**

there by calling and hanging up when she answered.  Parking the truck in a lot a few blocks away, he then walked by and around the house several times.  He waited for nightfall before trying to enter Wheeler's home.

Meanwhile, unbeknownst to Wentz, his brother telephoned McFadden in Spokane.  Thereafter, she immediately fled, driving back to The Dalles.  Wheeler was working a 24-hour shift.  Consequently, the house was empty when Wentz arrived.

Officer Melton testified that Wentz told him he climbed the fence into the backyard and found an unlocked sliding door.  When he slid it partway open, an alarm sounded.  Instead of going into the house, he hid in the boat that was parked on a trailer in the backyard.  He decided to wait under the boat's cover until McFadden and Wheeler returned.

A six-foot solid wood fence surrounds the backyard.  The fence has two gates, both of which were padlocked.  Both Wentz and the police officer who apprehended him had to climb the fence to enter the backyard.  Wheeler kept his boat inside the fence next to his house.  *State v. Wentz*, 149 Wash. 2d 342 (2003).

## PROCEDURAL HISTORY

Petitioner was arrested and charged with two counts of Attempted Second Degree Murder, Possession of a Stolen Firearm, Possession of Stolen Property other than a firearm, and First Degree Burglary.  Before the start of trial, the Detective assigned to the case, Detective Hines, interviewed a defense witness and subsequently warned that witness that his testimony might incriminate him.  Detective Hines also informed the witness of his Fifth Amendment right against self-incrimination.  The witness testified.  At trial, there was some testimony, by Petitioner's expert, a pharmacologist, that Petitioner did not possess the specific intent required for the crime.  The Government presented expert testimony from a

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS ~ 2**

psychiatrist who opined that Petitioner possessed the requisite specific intent.

On January 24, 2002, after a bench trial, the court found Petitioner guilty on all counts.  Petitioner was sentenced to 480 months' incarceration.

Petitioner appealed his convictions.  On January 24, 2002, the Court of Appeals, Division Three, affirmed all convictions.   On May 8, 2003, the Supreme Court of Washington granted review of the case to consider solely the burglary count.  In an *en banc* opinion, the Supreme Court affirmed the conviction, holding that a fenced yard falls within the statutory definition of "building" for the purposes of RCW 9A.04.110(5).

Petitioner then filed a personal restraint petition, on May 5, 2004, in the Washington Court of Appeals.  The petition was dismissed on the merits on September 10, 2004 for failure to establish claims of prosecutorial misconduct and ineffective assistance of counsel.   He filed a second personal restraint petition on September 30, 2004, seeking discretionary review from the Supreme Court of Washington.  The court denied review of the second personal restraint petition on November 1, 2004.

Petitioner submitted, *pro se,* his Petition for a Writ of Habeas Corpus to this Court, and the Court issued an order directing service on January 10, 2005.

### DISCUSSION

Petitioner challenges his conviction, asserting five claims: (1) insufficiency of evidence on Attempted Second Degree Murder charge; (2) inconsistent findings of fact and conclusions of law by the trial court; (3) intimidation of a defense witness by the prosecution; (4) ineffective assistance of counsel; and (5) insufficiency of evidence on First Degree Burglary Charge.

## I. EVIDENTIARY HEARING

Although Mr. Wentz does not request an evidentiary hearing in his habeas

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 3**

petition, his petition is to be construed liberally because he is a *pro se* petitioner. *See United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000) (*pro se* prisoner's request for relief will be construed liberally as a habeas petition despite formal imperfections); *see also Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1990).   The Court, thus, construes his petition to contain a request for such a hearing, under 28 U.S.C. 2254(e)(2), on all claims.

"If a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required."   Rule 8(a) (governing 28 U.S.C. 2254).   Where the facts are in dispute, the court must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in state court, either at the time of the trial or in a collateral proceeding.  *Townsend v. Sain*, 372 U.S. 293, 312 (1963) (overruled on other grounds).   The standard for granting an evidentiary hearing is stated in 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the claim relies on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief.  *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

An evidentiary hearing is not required where the issues may be resolved on the basis of the state court record.  *Totten*, 137 F.3d at 1176.   To deny a petition for

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 4**

habeas corpus relief on the merits without an evidentiary hearing, a district court should demonstrate that it has independently reviewed the state court record unless the habeas claims raise only legal issues.  *Chaney v. Lewis*, 801 F.2d 1191, 1194 (9th Cir. 1986).

Petitioner's claims One, Two, Three, and Four do not require an evidentiary hearing because they may all be resolved on the basis of the state court record (Ct. Rec. 4, 11).  Mr. Wentz does not support any of his claims for relief with affidavits or other factual evidence from outside of the state court record (Ct. Rec. 4, 11). Claims One, Two, Three and Four can all be resolved on the state court record alone.  Thus, the Court denies an evidentiary hearing on claims One, Two, Three, and Four.

No evidentiary hearing is required for Petitioner's Fifth Claim because the claim raises only questions of law.  In his Fifth claim for relief, Petitioner alleges that the evidence presented at trial was insufficient to convict for First Degree Burglary.

An evidentiary hearing is not required where the petition raises questions of law only. *Totten*, 137 F.3d at 1176; *see also Townsend v. Sain*, 372 U.S. 293 (1963); *Chaney v. Lewis*, 801 F.2d 1191 (9th Cir.1986) (holding that district court is under no obligation to review state court record where petition raises purely legal questions).

Claim Five of Petitioner's habeas petition raises only legal issues regarding the interpretation of Washington's burglary statute (Ct. Rec. 4).  Accordingly, the Court denies an evidentiary hearing on claim Five for failure to raise factual issues. Because Petitioner raises only legal issues in his Fifth claim, an evidentiary hearing on that claim is denied.

In sum, Petitioner is not entitled to an evidentiary hearing on any of his

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 5**

claims.  An evidentiary hearing on each claim is not necessary.

## II.  STANDARD OF REVIEW FOR WRIT OF HABEAS CORPUS

A district court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  Because Mr. Wentz filed his habeas petition after April 24, 1996, the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case.  *Chein v. Shumsky*, 373 F3d 978, 983 (9th Cir. 2004) (en banc).  Under the AEDPA, a petitioner seeking a writ of habeas corpus must demonstrate that the state court's adjudication of the merits of the case resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 123 S. Ct. 1166, 1172-73 (2003) (explaining the standard).  Only "clearly established Federal law, as determined by the Supreme Court of the United States" can be the basis for relief under the AEDPA, 28 U.S.C. § 2254(d).  *Campbell v. Rice*, 408 F.3d 1166 (9th Cir. 2005). If a petitioner establishes a constitutional trial error, the court must determine if the error caused "actual and substantial" prejudice.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent.  *Williams v. Taylor*, 529 U.S.

//

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 6**

362, 405-06 (2000).  Federal habeas relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  A state court decision is an "unreasonable application of clearly established federal law" if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

A federal court may also grant a writ of habeas corpus if a material factual finding of the state court reflects "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Determinations of factual issues by the state court are presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by "clear and convincing" evidence.  § 2254(e)(1); *see also Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir. 2003); *Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

A *pro se* prisoner's request for relief will be construed liberally as a habeas petition despite formal imperfections. *United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000) (holding that *pro se* filings are to be liberally construed); *see also Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1990) (stating that *pro se* pleadings are liberally construed).

**A. Exhaustion**

To the extent that Petitioner has failed to exhaust claims One and Five, the standard required for dismissal of a habeas petition rises to the higher level of "not a colorable claim."

 Under the doctrine of exhaustion, claims for relief in a federal habeas corpus petition that have not been properly exhausted in state court must be dismissed.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *James v. Borg*, 24 F.3d

20, 24 (9th Cir. 1993).  To exhaust state remedies, a petitioner must present each of his claims to the state's highest court and, in turn, the state's highest court must have disposed of each claim on the merits.  *Id.*  A petitioner can satisfy exhaustion by either: (1) fairly presenting those claims to the highest state court, or (2) showing that no state remedy is available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, the federal claim remains unexhausted regardless of its similarity to the issues raised in state court.  *Id.* at 830-31.  The burden falls on the petitioner to prove that a claim has been properly exhausted and is not procedurally barred.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.  *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.  *Duncan*, 513 U.S. at 365-66.  In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000).  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.  *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  In order

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 8**

to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief. *Gray*, 518 U.S. at 162-63. A petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment. *Picard*, 404 U.S. at 276-77. If a petitioner cites a state case that analyzes a federal constitutional issue, that federal issue is fairly presented. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2002). The required level of explicitness is the same for *pro se* petitioners and petitioners who are represented by counsel. *Lyons*, 232 F.3d at 667.

Mr. Wentz has failed to present his First and Fifth federal claims to the State's highest court (Exhibit 13; Ct. Rec. 10). In his Petition for Review to the Supreme Court of Washington, he presented the substance of claim Five, but only as a claim under the state constitution, not as a federal claim. (Ct. Rec. 10). In that Petition, he relied only on state law cases, none of which discuss federal law (Ct. Rec. 10); nor did he present any of his claims as federal claims (Ct. Rec. 10). Mr. Wentz did not present any other claims to the Supreme Court on direct appeal (Ct. Rec. 10). In Mr. Wentz's Personal Restraint Petition, submitted on September 4, 2003, to the Supreme Court of Washington, he failed to include claims for Insufficiency of the Evidence on the charges of Second Degree Attempted Murder and First Degree Attempted Burglary (Ct. Rec. 10). Thus, he has not fairly presented claims One and Five to the highest state court as federal claims. These two claims are not properly exhausted.

The district court may, however, deny the entire habeas petition on the merits, even if the petitioner has failed to exhaust state remedies. 28 U.S.C. § 2254(b)(2); *Padilla v. Terhune*, 309 F.3d 614, 620-21 (9th Cir. 2002). A federal court considering a habeas petition may deny an unexhausted petition on the merits

only when it is perfectly clear that the petition does not raise even a colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Because Petitioner's claims One and Five remain unexhasuted, this Court may dismiss the habeas petition claims on the merits only if it fails to present any "colorable claims."

## III. CLAIM ONE (Insufficiency of Evidence for Attempted Murder)

In his first claim, Petitioner asserts the trial court erred by making a finding of guilt on the two charges of Second Degree Attempted Murder because such finding was based on insufficient evidence. He claims that the trial court denied him his Fourteenth Amendment Right to Due Process. Petitioner contends that the evidence was insufficient to establish all the elements of Second Degree Attempted Murder because the evidence presented at trial supports a defense of diminished capacity. Specifically, he claims that expert testimony given at trial demonstrated that he suffered from mental disorders, which, combined with sleep deprivation and substance abuse, rendered him incapable of forming the specific intent necessary to commit the crimes for which he was convicted (Petitioner's brief at 29).

The Fourteenth Amendment Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970). The test for challenging the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, *any* rational trier of fact could find that each element of the offense has been proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The same test applies to both jury and bench trials. *United States v. Doe*, 136 F.3d 631, 636 (9th Cir. 1998).

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 10**

Although a review for sufficiency of the evidence is grounded in the Fourteenth Amendment, the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16. In a habeas corpus petition contesting the judgment of a state court, the determination of factual issues by the state court shall be presumed to be correct, and the petitioner has the burden of rebutting this presumption of correctness by "clear and convincing" evidence. 28 U.S.C. § 2254(e)(1). State court competency determinations are accorded a presumption of correctness. *Brewer v. Lewis*, 989 F.2d 1021, 1027 (9th Cir. 1993). A determination of competency may be overturned "only if it is not fairly supported by the record."

Specific criminal intent may be inferred from circumstances as a matter of logical probability. *State v. Zamorra*, 63 Wash. App. 220, 223 (1991). However, when the *mens rea* consists of intent or knowledge per RCW 9A.08.010 (1)(a) and (b), that element may be negated by expert testimony of mental disorder preventing the formation of intent at the time of the crime if proper foundation is laid. *State v. Edmon*, 28 Wash. App. 98 (1981). An intoxication defense allows consideration of the effect of voluntary intoxication by alcohol or drugs on the defendant's ability to form the requisite mental state. *State v. Coats*, 107 Wash. 2d 882, 889 (1987). A diminished capacity defense requires evidence of a mental condition which prevents the defendant from forming the requisite intent necessary to commit the crime charged. *State v. Warden*, 133 Wash. 2d 559, 564, 947 P.2d 708 (1977).

Petitioner argues that the evidence in the record demonstrates that he lacked the specific intent required to commit the offense because he established a diminished capacity defense. He contends that a "lesser included offense" instruction should have been submitted to the fact finder (the judge in this case)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ~ 11**

because the evidence supported only a lesser offense.[1]  Petitioner argues that the evidence supports a defense of diminished capacity and that this diminished capacity defense should have been found.

The record indicates that there was sufficient evidence for the judge to conclude that the requisite intent was proven beyond a reasonable doubt.  The trial judge relied heavily on the Petitioner's writings and actions to establish the requisite specific intent (Exhibit 16, Verbatim Reports of Proceedings, *State v. Wentz*, Spokane County Superior Court Cause No. 99-1-01161-0, Oral Decision, 22 June 2000 at 10-19).  The trial judge found that the writings, executed several hours prior to the alleged criminal activity, show a level of sophistication that the trial judge concluded to be sufficient to establish intent, and that Mr. Wentz's actions, especially the planning of his activity, demonstrate a level of calculation and forethought that supports a finding of the requisite specific intent.  *Id.*  Further, the trial judge found that the officers present at Petitioner's arrest presented more persuasive testimony that Petitioner was not intoxicated than did the testimony of Dr. Halpern, who testified that Petitioner was intoxicated and, thus, that he could not form the requisite intent.  In addition, the trial judge expressly rejected the diminished capacity defense, concluding that "nothing in the case reasonably suggests that the exclusive object of the defendant's desire was to commit suicide . . . [Suicide] in and of itself does not manifest insanity, incapacity or incompetence."  *Id.* at 68; *see also* Exhibit 17, Findings of Fact and Conclusions of

---

[1]Mr. Wentz urges that the diminished capacity defense should have been included in a jury instruction. The trial, however, was a bench trial, and the judge does not instruct himself as he would instruct a jury in a jury trial.  Mr. Wentz, then, may assert only an insufficiency of the evidence claim, not a claim as to an error in jury instruction.

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 12**

Law, at 14.  Thus, the state court record indicates that the trial judge made a reasonable determination of Petitioner's competency, based on the evidence presented at trial.  The judge's competency ruling was fairly supported by the record.

Because the trial judge's competency ruling was fairly supported by the record, this Court should dismiss Petitioner's request for relief.  As the trial judge ruled, the Findings of Fact and Conclusions of Law reasonably support a finding of specific intent required for Second Degree Attempted Murder beyond a reasonable doubt.  Therefore, because the evidence was sufficient, the claim is not colorable.  The Court dismisses Petitioner's First claim.

## IV.  CLAIM TWO (Inconsistent Findings of Fact and Conclusions of Law)

In his second claim, Petitioner contends that the trial court violated his rights under the Washington and United States Constitutions by making inconsistent Findings of Fact and Conclusions of Law.  Petitioner asks this court to overturn the trial judge's factual finding.  He contends that the Findings of Fact contain all the requisite elements to establish diminished capacity, yet the trial judge held that the diminished capacity defense did not apply.  Petitioner argues that the Findings of Fact show that a history of mental disorders, combined with substance abuse, "contributed to the offense" and, thereby, diminished his capacity to form the requisite specific intent.  He asserts that this Finding contradicts the trial judge's decision to reject the diminished capacity defense.

A federal court may grant a writ of habeas corpus if a material factual finding of the state court reflects "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(e)(1); *Wiggins v. Smith*, 539 U.S. 510, 528 (2003).  The factual findings of the trial court are presumed to be correct, and the burden of rebutting this

presumption is on the petitioner to show by "clear and convincing" evidence that the trial court's factual determinations were in error. 28 U.S.C. § 2254(e)(1); *see also Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir. 2003).

Petitioner contends that findings of fact 61 and 62 "completely contradict" the trial court's separate finding–used for the purpose of sentencing–that "there is a chemical dependency that contributed to the offense." (*See* Exhibit 17; Exhibit 11, "D") Findings 61 and 62 read:

> 61:    The physical observations and collective experience of several law enforcement officers who deal with people daily who have been consuming alcohol and substances are more persuasive than Dr. Halpern's [defense expert, who opined that Petitioner lacked the requisite specific intent] conclusions.

> 62:    None of the sheriff's deputies with whom the defendant had contact with [*sic*] on May 29, 1999, noted signs or manifestations indicating that the defendant was under the influence of alcohol or controlled substances.

First, Petitioner does not show by clear and convincing evidence that the findings of fact and conclusions of law present any contradiction. There is no contradiction in the assertions that (1) "a chemical dependency contributed to the offense," and (2) Petitioner was not intoxicated at the time of the offense. A chemical dependency may "contribute to" an offense or to an action, even though the offender or actor is not legally intoxicated. For example, the statement "*The employee's alcoholism contributed to her termination*" does not necessarily imply that the employee was intoxicated when her boss fired her; it is consistent with the statement that on the day of her termination the employee was sober, and that she was being fired for a failure to meet a deadline caused, in part, by her alcoholism. Similarly, in the case at hand, it is reasonable to conclude that Mr. Wentz's chemical dependency contributed to the offense merely by creating an *emotional*

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS ~ 14**

state that did not rise to the level of intoxication as defined by law.  Thus, one can easily perform a charitable reading of the Findings of Facts and Conclusions of Law and find no contradiction.

Second, to the extent that Petitioner's Second claim can be framed as a claim that evidence to support the requisite specific intent for Second Degree Attempted Murder was insufficient, this Court dismisses the claim on the merits.  As discussed above in regard to claim One, the trial judge relied heavily on the Petitioner's writings and actions to establish the requisite specific intent, and the record further indicates that there was sufficient evidence for the judge to conclude that the requisite intent was proven beyond a reasonable doubt.

In sum, Petitioner presents no "clear and convincing" evidence that there are contradictions within the Findings of Fact and Conclusions of Law; nor does he show that the evidence to convict him for Second Degree Attempted Murder was insufficient. The factual findings of the state court were not unreasonable determinations in light of the evidence presented.  Petitioner has not met his burden of rebutting the factual findings of the state court.  Thus, the claim is not colorable, and the Court  dismisses Petitioner's Second claim on the merits.

## V.  CLAIM THREE (Prosecutorial Misconduct)

In his third claim, Petitioner contends that he was denied his rights under the Sixth Amendment of the United States Constitution by misconduct on the part of a state prosecutor and intimidation of a defense witness on the part of a state witness.

Under the Sixth Amendment of the United States Constitution, inappropriate prosecutorial comments, standing alone, do not justify reversing a criminal conviction; instead, the remarks must be taken in context to determine whether they had a prejudicial effect.  *United States v. Young*, 470 U.S. 1, 11 (1985).  In assessing a claim of prosecutorial misconduct, the inquiry is whether allegedly

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 15**

improper behavior, considered in context of entire trial, affected the jury's ability to judge the evidence fairly. *United States v. Trevino*, 394 F.3d 771 (9th Cir. 2005). The Third Circuit held, in *United States v. Morrison*, that a prosecutor's intimidation of the witness, designed to induce her to assert the Fifth Amendment privilege against self-incrimination, violated the defendant's right to compulsory process and, hence, the defendant's right to due process when the witness subsequently refused to testify. 535 F.2d 223 (3d Cir. 1976).

The prosecutorial misconduct claim, if proven, would not entitle Petitioner to relief. Petitioner argues that the prosecutor engaged in misconduct by allowing Detective Hines to threaten a defense the witness with criminal prosecution if the witness chose to testify (Ct. Rec. 4). He contends that this misconduct prejudiced him by affecting the witness's "demeanor and testimony." *Id.*

Petitioner has made no showing that any prosecutorial misconduct resulted in actual or substantial prejudice. Unlike *Morrison*, where the witness's failure to testify prejudiced the defendant, Petitioner's witness testified as planned (Ct. Rec. 10) Petitioner fails to show how the misconduct affected the witness's "demeanor" or testimony. The state court record indicates that the witness's testimony did not change. (Exhibit 11, Attachment J ("The substance of his story remained identical to what he had told me and my investigator. . . Mr. Carlson's account stayed the same and I didn't want to distract the judge from the content of his testimony.")) (Exhibit 11, Attachment L (the witness's affidavit) ("I testified truthfully anyway because it was the right thing to do.")) The witness testified, as defense counsel planned, that Petitioner ingested crank and drank alcohol (Ct. Rec. 4). Petitioner has made no showing that any misconduct resulted in any actual or substantial prejudice. Because Petitioner has not shown actual or substantial prejudice, his claim of prosecutorial misconduct, even if proven, would not entitle him to relief.

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 16**

Because the claim, even if proven, would not entitle him to relief, the claim is not colorable. Thus, the Court dismisses Petitioner's Third claim on the merits for failure to present a colorable claim.

## VI.  CLAIM FOUR (Ineffective Assistance of Counsel)

Petitioner asserts that his counsel was ineffective in failing to bring the conduct of the prosecutor to the trial court's attention. He grounds this claim in the Sixth and Fourteenth Amendments to the United States Constitution.

Under the Sixth Amendment, an ineffective assistance of counsel claim has two components: a petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Wiggins*, 539 U.S. at 521. In evaluating whether the performance of counsel was deficient in a constitutional sense, the relevant question is whether counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In considering prejudice, the inquiry is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The claim of Ineffective assistance of Counsel, if proven, would not entitle Petitioner to relief. As discussed above regarding claim Three of prosecutorial misconduct, Petitioner fails to show that he suffered any prejudice as a result of the incident that occurred between the prosecutor and the witness. Thus, the Court dismisses the claim on the merits because the claim is not colorable.

## VII.  CLAIM FIVE (Insufficiency of Evidence for Attempted Burglary)

Petitioner contends that the evidence was insufficient to convict on the charge of First Degree Burglary, thereby violating his Fourteenth Amendment right to Due Process under the United States Constitution. He argues that the trial court

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 17**

was in error to find that he had entered a "building" for the purposes of RCW 9A.04.110(5).

The test for challenging the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, *any* rational trier of fact could find that each element of the offense has been proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The same test applies to both jury and bench trials. *United States v. Doe*, 136 F.3d 631, 636 (9th Cir. 1998). Although sufficiency of the evidence review is grounded in the Fourteenth Amendment, the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16.

On appeal to the Supreme Court of Washington earlier in Mr. Wentz's case, that Court held that "fenced area" is now expressly included in definition of "building" for the purposes of RCW 9A.04.110(5).[2] *State v. Wentz*, 149 Wash. 2d 342, 350 (Wash. 2003).

Petitioner entered a fenced area (Ct. Rec. 10). Therefore, the evidence was sufficient to meet the statutory definition of "building" and to convict for First Degree Burglary. The state court's application of state law was not unreasonable. This Court, if it chooses to review the claim on the merits, should dismiss Petitioner's Fifth claim. Thus, because Petitioner does not present a colorable

---

[2] RCW 9A.52.020 provides, in pertinent part, that "a person is guilty of burglary in the first degree if . . . he or she remains unlawfully in a building." Under RCW 9A.04.110(5), "building" is defined as, "in addition to its ordinary meaning, any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods . . ."

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS ~ 18**

claim, the Court dismisses Petitioner's claim Five.

Having reviewed the record and been fully advised in this matter, **IT IS HEREBY ORDERED**:

Petitioner Gerald Wentz's Petition for a Writ of Habeas Corpus (Ct. Rec. 4) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of July, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2004\wentz\wentz.order.wpd

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS ~ 19**